IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | |
|---|---|
| DANNELL THOMAS | § |
| VS. | §   CIVIL ACTION NO. 1:04cv30 |
| J.D. MILES | § |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Dannell Thomas, an inmate confined within the Bureau of Prisons, proceeding *pro se*, brings this lawsuit pursuant to *Bivens v. Six Unknown Agents of the Bureau of Narcotics and Dangerous Drugs*, 403 U.S. 388 (1971), against Warden R.D. Miles and Officer E.W. Gordon.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before court is a motion filed by the defendants asking that this case be dismissed because plaintiff failed to properly exhaust his administrative remedies.

Factual Allegations

Plaintiff alleges that on April 26, 2002, defendant Gordon repeatedly struck him with a broomstick that had a large piece of metal on it. He states this caused him to suffer a severe injury to his head, as well as deep lacerations that required hospitalization and surgery. Plaintiff also alleges defendant

Miles failed to properly investigate the incident and disregarded his complaints about defendant Gordon.

## Discussion

The Civil Rights of Institutionalized Persons Act of 1980, as amended, provides that no action shall be brought concerning prison conditions by a prisoner confined in a jail, prison or other correctional facility until the administrative remedies at such facility are exhausted. 42 U.S.C. § 1997e. A prisoner must exhaust administrative remedies regardless of the type of relief he seeks and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731 (2001).

The Federal Bureau of Prisons, which administers the prison where plaintiff was incarcerated when the events complained of occurred, has a four step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally revolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden using a BP-9 form. 28 C.F.R. § 542.13(b). If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

Plaintiff has provided the court with copies of the BP-9, BP-10 and BP-11 forms he filed concerning the matters at issue in this lawsuit. Plaintiff's BP-9, which is required to be filed within 20 days of the incident complained of,[1] was rejected by the warden as being filed in an untimely manner. The Regional Director and Office of General Counsel affirmed the rejection.

The United States Court of Appeals for the Fifth Circuit has taken a strict approach to the exhaustion requirement set forth in 42 U.S.C. § 1997e. *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003).[2] Exhaustion of administrative remedies is not simply a matter of filing grievances through each level of the process without regard for the applicable rules of form and timeliness. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002). An inmate is also required to comply with the rules established by his institution for filing grievances. "Any other approach would allow a prisoner to 'exhaust' ... remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem--or to reduce the damages and perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner" *Id*. at 1023.

In this case, plaintiff failed to pursue his administrative remedies within the time period provided by institutional

---

[1] Plaintiff's BP-9 form is dated November 22, 2002, almost seven months after the incident.

[2] For example, in *Richardson v. Spurlock*, 260 F.3d 495 (5th Cir. 2001), the court affirmed the dismissal of a prisoner's civil rights lawsuit for failure to exhaust administrative remedies because the inmate "incorrectly filed an administrative appeal rather than a disciplinary appeal."

regulations. Prison officials then rejected his grievance as untimely. Plaintiff's failure to file his grievance in compliance with prison regulations requires the court to find he did not properly exhaust his administrative remedies. *Lewis v. Washington*, 300 F.3d 829 (7th Cir. 2002).[3] The defendants' motion should therefore be granted and this lawsuit dismissed.

### Recommendation

The defendants' motion to dismiss should be granted and this lawsuit dismissed without prejudice for failure to exhaust administrative remedies.

### Objections

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the

---

[3] In *Pozo, supra*, and *Lewis*, the inmate filed his initial grievance properly, but did not file his administrative appeal in a timely manner. In each case, the United States Court of Appeals for the Seventh Circuit concluded the inmate's attempt to exhaust his administrative remedies was insufficient.

In an unpublished opinion, the Fifth Circuit took a similar approach. In *Trevino v. Herrera*, No. 02-40864 (5th Cir. Feb. 20, 2003), the Fifth Circuit, citing *Harper v. Jenkins*, 179 F.3d 1311 (11th Cir. 1999), held that a prisoner whose grievances were rejected as untimely had not sufficiently exhausted his administrative remedies.

district court except on grounds of plain error. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

      **SIGNED this the 6th day of May, 2005.**

 

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE